AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
10/28/2022

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched* | ) | |
| | ) | Case No.  3:22-mj-365 |
| TWENTY-ONE ELECTRONIC DEVICES STORED AT THE FBI | ) | |
| FIELD OFFICE LOCATED AT 7747 CLYO ROAD, CENTERVILLE, | ) | |
| OHIO 45459 | ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Southern _____ District of _____ Ohio _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Possession with intent to distribute, distribution, and conspiracy to distribute |
| 18 U.S.C. §§ 922(g) & 924(c) | controlled substances; Possession of firearm by a prohibited person and possession of a firearm in furtherance of a drug trafficking crime |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA Robert Buzzard, FBI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ Telephone _____ *(specify reliable electronic means)*.

Date:  10/28/22

City and state:  Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

## **ATTACHMENT A-1**

The property to be searched is a silver Apple iPhone S, Model number A1687, IMEI: 355728078437271 (no SIM card) pictured below, hereinafter "Device 1." Device 1 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 1 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-2</u>

The property to be searched is a blue Apple iPhone with cracked back casing, IMEI: 354703754103316, pictured below, hereinafter "Device 2." Device 2 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 2 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-3</u>

The property to be searched is a black Verizon smart phone, model E6810, IMEI: 990006133305325, pictured below, hereinafter "Device 3." Device 3 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 3 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-4**

The property to be searched is a black Kyocera flip phone, model E4610, IMEI: 990006164250929, pictured below, hereinafter "Device 4." Device 4 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 4 for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-5**

The property to be searched is a black Nokia flip phone, model N139DL, IMEI: 358712911152526 pictured below, hereinafter "Device 5." Device 5 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-6**

The property to be searched is a blue Apple iPhone with plain black case, IMEI: 353008110257348, pictured below, hereinafter t "Device 6." Device 6 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459

This warrant authorizes the forensic examination of Device 6 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-7

The property to be searched is a black Apple iPhone with plain black case, IMEI: 353895101003735, pictured below, hereinafter "Device 7." Device 7 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 7 for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-8**

The property to be searched is a blue Apple iPhone with blue case containing the words "never grow up," IMEI: 353003117245610, pictured below, hereinafter "Device 8." Device 8 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459

This warrant authorizes the forensic examination of Device 8 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-9

The property to be searched is a pink Apple iPhone with black case, model A1778, IMEI: 355322081563198, pictured below, hereinafter "Device 9." Device 9 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 9 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-10**

The property to be searched is a blue Apple iPhone with black case, IMEI: 350002267800649, pictured below, hereinafter "Device 10." Device 10 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 10 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-11</u>

The property to be searched is a black Apple iPhone, IMEI: 356842118720452, pictured below, hereinafter "Device 11." Device 11 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 11 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-12**

The property to be searched is a light green Apple iPhone, IMEI: 353779333355099, pictured below, hereinafter "Device 12." Device 12 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 12 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-13</u>

The property to be searched is a dark gray Alcatel TracFone flip phone, model A406DL, IMEI: 016023000046379, pictured below, hereinafter "Device 13." Device 13 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 13 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-14**

The property to be searched is a red Apple iPhone with pink and purple case pictured below, hereinafter "Device 14." Device 14 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 14 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-15**

The property to be searched is a black Apple iPhone with red case, IMEI: 356109095875497, pictured below, hereinafter "Device 15." Device 15 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 15 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-16**

The property to be searched is a gold Apple iPhone with blue and black case, IMEI: 354912090463801, pictured below, hereinafter "Device 16." Device 16 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 16 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-17

The property to be searched is a dark gray Alcatel flip phone, model 4052C, IMEI: 015610000117944, pictured below, hereinafter "Device 17." Device 17 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 17 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-18**

The property to be searched is a dark gray/black Apple iPhone, IMEI: 356109090289645, pictured below, hereinafter "Device 18." Device 18 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 18 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-19

The property to be searched is a blue Apple iPhone with green "QC" case, IMEI: 355211924786506, pictured below, hereinafter "Device 19." Device 19 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 19 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-20</u>

The property to be searched is a black Apple iPhone with black "Supreme" case, IMEI: 356711085626298, pictured below, hereinafter "Device 20." Device 20 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 20 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-21

The property to be searched is a First Alert DVR, model DVRAD0405, serial number RI141000202, pictured below, hereinafter "Device 21." Device 2 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 21 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B

1.      All records on the Devices described in Attachments A-1 through A-21 that relate
to violations of Title 21 U.S.C. 841 and 846, and Title 18 U.S.C. 922(g)(1) and 924(c), and
involve Harold Dillard, Jr., John Peters III, Michael Lee, Jr., Tyler Hamilton, and others known
and unknown, since August 1, 2022, including:

      a.   any information related to the use, possession, receipt, transfer, transportation, and/or purchase of controlled substances;

      b.   lists of customers and related identifying information;

      c.   types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      d.   any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      e.   any information recording Harold Dillard, Jr., John Peters III, Michael Lee, Jr., and/or Tyler Hamilton's schedule or travel from August 1, 2022, to the present;

      f.   all bank records, checks, credit card bills, account information, and other financial records;

      g.   videos, audio recordings, photographs, communications, and other electronically stored data pertaining to drug trafficking and firearms; and

      h.   any information related to the use, possession, receipt, transfer, and/or purchase of firearms, firearm accessories, and ammunition.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF TWENTY-ONE ELECTRONIC DEVICES STORED AT THE FBI FIELD OFFICE LOCATED AT 7747 CLYO ROAD, CENTERVILLE, OHIO 45459 | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Robert Buzzard, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—twenty-one electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), assigned to the Cincinnati Division, Dayton, Ohio Resident Agency.  I am therefore an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 21 U.S.C. § 878.  Moreover, I am an "investigative law enforcement officer" within the meaning of 18 U.S.C. § 2510.

3.      I have served as an FBI SA since January 2002.  I am currently assigned to the Cincinnati Division, Dayton Resident Agency and serve on the FBI's Southern Ohio Safe Streets Task Force (SOSSTF).  The SOSSTF program is designed to address and eliminate drug threats

and violence in the community. Since 2002, I have participated in investigations involving narcotics trafficking and have received specialized training on narcotics trafficking and money laundering from the FBI. I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions. Based on my training and experience—including my participation in the investigations referenced above—as well as my discussions and interactions with other experienced FBI SAs, Task Force Officers (TFOs), and narcotics investigators, I am familiar with the manner in which drug traffickers and their organizations operate within the United States. Based on my aforementioned training and experience, I am familiar with the modus operandi of persons involved in the illicit distribution of controlled substances, which I describe in detail below.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5. The property to be searched is the following twenty-one electronic devices (collectively, "the Devices"):

| Device Number | Device Description | Attachment |
|---|---|---|
| 1 | Silver Apple iPhone S, Model number A1687, IMEI: 355728078437271 (no SIM card) | A-1 |
| 2 | Blue Apple iPhone with cracked back casing, IMEI: 354703754103316 | A-2 |

2

| 3 | Black Verizon smart phone, model E6810, IMEI: 990006133305325 | A-3 |
|---|---|---|
| 4 | Black Kyocera flip phone, model E4610, IMEI: 990006164250929 | A-4 |
| 5 | Black Nokia flip phone, model N139DL, IMEI: 358712911152526 | A-5 |
| 6 | Blue Apple iPhone with plain black case, IMEI: 353008110257348 | A-6 |
| 7 | Black Apple iPhone with plain black case, IMEI: 353895101003735 | A-7 |
| 8 | Blue Apple iPhone with blue case containing the words "never grow up," IMEI: 353003117245610 | A-8 |
| 9 | Pink Apple iPhone with black case, model A1778, IMEI: 355322081563198 | A-9 |
| 10 | Blue Apple iPhone with black case, IMEI: 350002267800649 | A-10 |
| 11 | Black Apple iPhone, IMEI: 356842118720452 | A-11 |
| 12 | Light green Apple iPhone, IMEI: 353779333355099 | A-12 |
| 13 | Dark gray Alcatel TracFone flip phone, model A406DL, IMEI: 016023000046379 | A-13 |
| 14 | Red Apple iPhone with pink and purple case | A-14 |
| 15 | Black Apple iPhone with red case, IMEI: 356109095875497 | A-15 |
| 16 | Gold Apple iPhone with blue and black case, IMEI: 354912090463801 | A-16 |
| 17 | Dark gray Alcatel flip phone, model 4052C, IMEI: 015610000117944 | A-17 |
| 18 | Dark gray/black Apple iPhone, IMEI: 356109090289645 | A-18 |

| 19 | Blue Apple iPhone with green "QC" case, IMEI: 355211924786506 | A-19 |
| 20 | Black Apple iPhone with black "Supreme" case, IMEI: 356717085626298 | A-20 |
| 21 | First Alert DVR, model DVRAD0405, serial number RI141000202 | A-21 |

6.      The Devices are currently stored at the FBI Field Office located at 7747 Clyo Road, Centerville, Ohio 45459.

7.      The applied-for warrant would authorize the forensic examination of the Devices described in Attachments A-1 through A-21 for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

**A.  On September 1, 2022, agents surveilled the residence located at 5211 Lome Avenue, Trotwood, Ohio, and observed evidence of drug trafficking.**

8.      The FBI received a tip about possible drug trafficking activity at the house located at 5211 Lome Avenue, Trotwood, Ohio (the "Lome Avenue House"). On September 1, 2022, the FBI began surveilling the Lome Avenue House. During that surveillance, FBI agents observed several known drug traffickers coming and going from the residence. Among the individuals FBI agents observed coming and going from the Lome Avenue House included Tyler Y. Hamilton (Hamilton),[1] Harold E. Dillard, Jr. (Dillard), John Andrew Peters III (Peters),[2] and Michael Anthony Lee, Jr. (Lee).

---

[1] Hamilton is currently on federal supervised release for a drug trafficking conviction.

4

9.     During their surveillance, FBI agents saw Lee exit the Lome Avenue House and enter a gray a Jeep Grand Cherokee ("Jeep Grand Cherokee"), which was a rental vehicle. I know, based on my training and experience, that drug traffickers often use rental cars and change cars frequently to conduct drug transactions in an effort to prevent law enforcement from determining their true identity. Lee drove the Jeep Grand Cherokee approximately two blocks away from the Lome Avenue House, where he met another car. Lee passed an item to the occupant of the car (who, unbeknownst to Lee, was an undercover federal task force officer) and received cash in exchange. Lee told the undercover officer that the item he was selling to him/her was an ounce of methamphetamine. Following this exchange, Lee drove the Jeep Grand Cherokee back to the Lome Avenue House and went inside. The federal task force officer field-tested the substance s/he had just received from Lee, and the substance tested positive for methamphetamine.

**B.  On September 1, 2022, agents searched the Lome Avenue House, vehicles associated with the Lome Avenue House, and Dillard, Hamilton, Peters, and Lee.**

10.     Around this time, state law enforcement officers obtained a search warrant for the Lome Avenue House. On the evening of September 1, 2022, as police approached the house to execute the warrant, Dillard and Hamilton entered the Jeep Grand Cherokee—the same vehicle that Lee had used for the drug transaction with the undercover office earlier that day—and drove away. Peters, who was standing in the front yard of the Lome Avenue House, appeared to see the officers approaching. Peters removed an FNH handgun from his person, walked to a trash can,

---

[2] Peters was convicted of a federal drug conspiracy in 2016 and served seventy months in prison.

and placed the gun inside of it. Upon reaching the house, officers detained Peters as well as Lee, who was also on the curtilage of the residence.

11.     Meanwhile, Dillard and Hamilton left the Lome Avenue House, drove to a nearby house, and began to back the Jeep Grand Cherokee into the house's driveway. Hamilton quickly exited the Jeep Grand Cherokee and went into the nearby house. Knowing that Dillard lacked a valid license and yet was driving the Jeep Grand Cherokee, a marked unit activated its lights to stop the car. After contacting Dillard near the Jeep Grand Cherokee, law enforcement approached the house and knocked on its front door. Hamilton answered the door, and law enforcement immediately noticed that his clothing was wet. His body was covered with a powdery residue consistent with fentanyl. Given these observations, officers detained Hamilton and recovered a set of keys, bulk cash, and two cell phones from his pockets. After confirming that Dillard did not have a valid license, law enforcement impounded the Jeep Grand Cherokee and inventoried it consistent with local department policy. Inside of the Jeep Grand Cherokee, officers discovered bulk amounts of cash, a digital scale with fentanyl residue, multiple cellular telephones, and items belonging to Dillard (such as Dillard's passport). While inventorying the Jeep Grand Cherokee, officers also discovered a set of keys to the Lome Avenue House attached to the keys of the Jeep Grand Cherokee.

12.     Back at the Lome Avenue House, law enforcement searched the residence as well as vehicles on its curtilage. Inside of the house, officers discovered a digital scale, handgun ammunition, loaded firearm magazines, and respirator masks commonly used by drug traffickers to protect themselves from inhaling fentanyl during processing. The key recovered from Dillard's Jeep Grand Cherokee unlocked the front door of the Lome Avenue House.

13.　　　Additionally, while executing the search warrant at the Lome Avenue House, officers noted that there were exterior surveillance cameras and that those cameras had feeds leading to a DVR (Device 21). These exterior surveillance cameras were positioned to record the entryways of the house and the curtilage where vehicles could park. Based on my training and experience, I know it is common for drug traffickers to use surveillance cameras as a security measure to alert them to potential law enforcement presence and/or potential robbers. I know that DVRs of the type seized from the Lome Avenue House are capable of recording and storing video footage. I believe, based on the drug trafficking activity observed at the Lome Avenue House, as well as the other items seized during my investigation, that video footage from the DVR would aid investigators in, among other things, identifying co-conspirators, sources of supply, customers, and the methods of operation of the drug trafficking organization.

14.　　　Officers discovered a Chevrolet Impala (the "Impala") on the curtilage of the Lome Avenue House. Notably, the keys recovered from Hamilton went to the Impala. Officers searched the Impala and found multiple bags. One bag located on the front driver floorboard contained two semi-automatic handguns and a baggie of suspected fentanyl weighing over 200 grams.

15.　　　Law enforcement also discovered two larger bags in the Impala's trunk. These larger bags contained drug processing equipment such as blenders, respirator masks, cutting agents, a digital scale, and drug presses used by drug dealers to shape bricks of cut fentanyl for resale. One of the large bags also contained a prescription pill bottle in the name of Harold Dillard.[3]

---

[3] The pill bottle was prescribed by a veterinarian to Dillard's pet dog, and Dillard's name was listed on the prescription bottle as the owner of the dog.

16.     Additionally, there were two smaller bags inside the Impala's trunk. One of the smaller bags contained approximately eighteen jars collectively holding thousands of suspected fentanyl pills as well as two compressed bricks of fentanyl collectively weighing over one and a half kilograms. Law enforcement field tested the two bricks and confirmed that they contained fentanyl. The Miami Valley Regional Crime Laboratory subsequently analyzed the suspected fentanyl pills and determined that the pills were in fact methamphetamine. The Miami Valley Regional Crime Laboratory also tested the two compressed bricks of fentanyl and confirmed that the bricks contained almost 2,000 grams of fentanyl.

17.     The second smaller bag inside the Impala's trunk contained bulk quantities of fentanyl, collectively weighing over three kilograms, a portion of which field-tested positive for fentanyl. Given that Hamilton had the keys to the Impala and that an item belonging to Dillard was recovered from the drug processing equipment inside the Impala, I believe that these two men had control over and possessed the illegal contents found in the Impala.

18.     Agents also recovered from a trashcan at the Lome Avenue House the FNH firearm that Peters had attempted to hide there. I have spoken with an agent from ATF, and he confirmed that FNH firearms are not manufactured in Ohio. As such, the firearm that Peters placed in the trashcan must have crossed a state line prior to being found in Ohio.

19.     The below chart summarizes evidence seized on September 1, 2022:

//

//

//

//

//

8

| Location | Evidence Seized |
|---|---|
| **Jeep Grand Cherokee** | • Bulk cash (approximately $4,500)<br>• Digital scale with drug residue<br>• Multiple cellular phones (Devices 1-8)<br>• Personal items belonging to Dillard<br>• Keys to the Lome Avenue House |
| **Lome Avenue House & Curtilage** | • Digital scale<br>• Handgun ammunition<br>• Loaded firearm magazines<br>• Respirator masks<br>• FNH firearm<br>• DVR (Device 21)<br>• Two cell phones (Devices 10 and 15) |
| **Ford Taurus** | • Four cell phones (Devices 11-14) |
| **Chevrolet Impala** | • Two semi-automatic handguns<br>• Baggie of fentanyl weighing more than 200 grams<br>• Blenders<br>• Respirator masks<br>• Cutting agents<br>• Digital scale with drug residue<br>• Drug presses<br>• Prescription pill bottle in Hamilton's name<br>• Eighteen jars containing thousands of methamphetamine pills<br>• Two bricks of fentanyl (more than 2,000 grams)<br>• Bulk quantities of fentanyl weighing more than 3,000 grams |
| **Hamilton's Person** | • Set of keys to the Impala<br>• Bulk cash (approximately $3,600)<br>• Two cell phones (Devices 9 and 17) |
| **Peters's Person** | • Devices 18 and 19 |
| **P.T.'s Person** | • Device 20 |

//

//

//

9

**C. I believe the Devices contain information relevant to my drug-trafficking and firearms investigation.**

20.     For the reasons I give above, as well as for the additional reasons I give below, I believe that evidence of drug and gun crimes will be found on the Devices.

21.     I know, based on my training and experience, that electronic devices such as cell phones and DVRs are capable of storing data explaining the "who, what, when, where, and why" of drug trafficking and gun crimes, such as personally identifying information of those involved in the illegal activity, communications with coconspirators, customers, and sources of supply, times when illegal activity took place, and where the illegal activity has taken or is taking place (e.g., locations of sources of supply and stash houses). Furthermore, I know that cell phones and DVR devices are valuable and are therefore kept securely by the owners. I also know that cell phones such as Devices 1-20 are extremely useful tools for drug traffickers because they allow traffickers to communicate with coconspirators and coordinate the operation of their drug trafficking activities. Cell phones allow traffickers to, among other things, communicate with customers and sources of supply, easily keep records of transactions, and to take photographs of drugs, firearms, drug proceeds, and other tools of the drug trafficking trade. Surveillance video cameras and recording devices, such as the DVR (Device 21) seized from the Lome Avenue House, are also commonly used by drug traffickers to provide security and to detect the presence of law enforcement and/or robbers.

22.     Below are three charts summarizing the seized Devices I seek to examine:

//

10

| Devices Seized from the Jeep Grand Cherokee | | | |
|---|---|---|---|
| **Device Number** | **Device Description** | **Location Seized** | **Attachment** |
| 1 | Silver Apple iPhone S, Model number A1687, IMEI: 355728078437271 (no SIM card) | Center console area | A-1 |
| 2 | Blue Apple iPhone with cracked back casing, IMEI: 354703754103316 | Driver's seat | A-2 |
| 3 | Black Verizon smart phone, model E6810, IMEI: 990006133305325 | Front passenger's seat | A-3 |
| 4 | Black Kyocera flip phone, model E4610, IMEI: 990006164250929 | Front passenger's seat | A-4 |
| 5 | Black Nokia flip phone, model N139DL, IMEI: 358712911152526 | Front passenger's seat | A-5 |
| 6 | Blue Apple iPhone with plain black case, IMEI: 353008110257348 | Center console area | A-6 |
| 7 | Black Apple iPhone with plain black case, IMEI: 353895101003735 | Center console area | A-7 |
| 8 | Blue Apple iPhone with blue case containing the words "never grow up", IMEI: 353003117245610 | Front passenger floor | A-8 |

| Devices Seized from the Lome Avenue House and its Curtilage/Vehicles | | | |
|---|---|---|---|
| **Device Number** | **Device Description** | **Location Seized** | **Attachment** |
| 10 | Blue Apple iPhone with black case, IMEI: 350002267800649 | Driveway | A-10 |
| 11 | Black Apple iPhone, IMEI: 356842118720452 | Gray Ford Taurus parked in driveway | A-11 |
| 12 | Light green Apple iPhone, IMEI: 353779333355099 | Gray Ford Taurus parked in driveway | A-12 |
| 13 | Dark gray Alcatel TracFone flip phone, model A406DL, IMEI: 016023000046379 | Gray Ford Taurus parked in driveway | A-13 |

| 14 | Red Apple iPhone with pink and purple case | Gray Ford Taurus parked in driveway | A-14 |
| 15 | Black Apple iPhone with red case, IMEI: 356109095875497 | Front porch | A-15 |
| 16 | Gold Apple iPhone with blue and black case, IMEI: 354912090463801 | Trunk of Chevrolet Impala parked in driveway | A-16 |
| 21 | First Alert DVR, model DVRAD0405, serial number RI141000202 | Inside closet of house | A-21 |

| Devices Seized from Suspects | | | |
| --- | --- | --- | --- |
| **Device Number** | **Device Description** | **Location Seized** | **Attachment** |
| 9 | Pink Apple iPhone with black case, model A1778, IMEI: 355322081563198 | Tyler Hamilton's person | A-9 |
| 17 | Dark gray Alcatel flip phone, model 4052C, IMEI: 015610000117944 | Tyler Hamilton's person | A-17 |
| 18 | Dark gray/black Apple iPhone, IMEI: 356109090289645 | John Peters's person | A-18 |
| 19 | Blue Apple iPhone with green "QC" case, IMEI: 355211924786506 | John Peters's person | A-19 |
| 20 | Black Apple iPhone with black "Supreme" case, IMEI: 356717085626298 | P.T.'s[4] person | A-20 |

---

[4] I know P.T.'s full name, but because he is not charged at this time, I am using only initials to identify him. At the time of the execution of the search warrant, P.T. was inside the Lome Avenue House and was carrying a firearm. P.T. told officers that he was visiting from Chicago, IL, and had traveled by bus to Dayton, Ohio. P.T. surrendered Device 20 to law enforcement officers at the scene. Based on my training and experience, and my knowledge of the drug trafficking activities at the Lome Avenue House, I believe P.T. was likely involved in the drug trafficking organization. Chicago is a major source city for drugs coming into the Dayton, Ohio area, and it is common for drug traffickers to transport drugs by bus. I believe that P.T.'s phone will identify P.T.'s connection to Dillard, Peters, Lee, and Hamilton, and will contain communications and other information about P.T.'s travel to the Lome Avenue House and the purpose of that travel.

23. The Devices are currently in the lawful possession of the FBI. They came into the FBI's possession in the following way: seized incident to arrest and during the execution of a search warrant. Therefore, while the FBI might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

24. The Devices are currently in storage at the FBI Field Office located at 7747 Clyo Road, Centerville, Ohio 45459. In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the FBI.

## BACKGROUND ON DRUG TRAFFICKERS

25. Based upon my training and experience, my participation in this investigation and other drug trafficking investigations, I have reason to believe that:

a) drug traffickers often place assets in names other than their own to avoid detection of these assets by government and law enforcement agencies;

b) drug traffickers often place assets in names of business/corporate entities as nominee title holders in order to avoid detection of these assets by government and law enforcement agencies; even though these assets are placed in the names of other persons or entities, the drug traffickers continue to use these assets and exercise dominion and control over them;

13

c) drug traffickers must maintain and/or have quick access to large amounts of United States currency or other liquid assets in order to maintain and finance their ongoing drug business;

d) drug traffickers often maintain money counting machines, money wrappers and rubber bands, boxes, bags, brief cases, suitcases, or containers used to carry drug proceeds and/or controlled substances;

e) drug traffickers often maintain in their residences and/or business establishments records relating to the transportation, ordering, sale and distribution of controlled substances and the outstanding debts and collections from controlled substances that have been distributed including some or all of the following written books, records, receipts, diaries, notes, ledgers, airline tickets, cashier's checks, money orders and other papers (i.e. bank account records, wire transfer records, bank statements, safe deposit box keys and records, money wrappers, rubber bands, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the illegal sale of drugs);

f) drug traffickers commonly use cellular phones to communicate with other members of the drug trafficking organization (DTO), narcotics source of supply(s), and/or narcotics customers in furtherance of violations of the Uniform Controlled Substances Act;

g) drug traffickers commonly provide illegal narcotics to their organization on consignment sale to their customers, who subsequently pay for the drugs after reselling said drugs. Therefore, the above-mentioned books, records, receipts,

14

notes, ledgers, etc., will be secured by the drug traffickers within their residences and/or their businesses for their ready access for the purpose of determining drug debts and collecting monies derived from the sale of drugs;

h) drug traffickers commonly conceal contraband, proceeds of drug transactions, records of these transactions, and records reflecting names, nicknames, addresses and telephone numbers of drug associates within their residence and/or place of business, their business vehicles, or the curtilage of their residence or business for ready access and to hide them from law enforcement agencies;

i) drug traffickers commonly will attempt to legitimize the profits from illegal drug transactions by using domestic banks and their attendant services (i.e., safe deposit boxes, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations and business fronts), and evidence of this includes documents like stock certificates, bonds, deposit certificates, and travelers checks;

j) drug traffickers often have photographs or video movies of themselves, their co-conspirators, and the property and assets purchased with drug proceeds. These photographs and video movies are normally in the drug traffickers possession, their residence and/or their place of business;

k) drug traffickers' methods of transporting drugs include but are not limited to: commercial airlines, private motor vehicles, and government and contract mail carriers. I know that the vehicles, residences, or business locations of drug traffickers will often contain records of drug-related travel. These records may include airline ticket receipts, credit card receipts, traveler vouchers, hotel and

15

restaurant receipts, photographs, canceled checks, maps, and written directions to locations rental car receipts and luggage tags reflecting points of travel;

l) drug traffickers commonly have firearms in their possession (on their person, at their residence, and/or their business) including but not limited to handguns, rifles, shotguns and automatic weapons. These firearms are most often used and/or maintained in order to protect and secure a drug trafficker's property or manufacturing operation;

m) it is common for drug traffickers to secrete in vehicles they use the items identified in the above paragraphs;

n) drug traffickers will often accumulate and maintain substantial amounts of drug proceeds, specifically currency, over a period of years, so that the proceeds can be used in later years for personal asset acquisitions and/or expenditures during periods when a drug trafficker is not distributing drugs;

o) drug traffickers commonly will maintain residence(s) separate from their primary residence to serve as "safe houses" where the traffickers may stay for periods of time; I know that these residences which may be occupied by other conspirators or associates may contain elements of the traffickers drug crimes to include all items noted above;

p) drug traffickers commonly have evidence of purchases of goods used in the manufacture of controlled substances secreted in their residences, businesses, or vehicles;

q) drug traffickers commonly secret in their residences and/or places of business, over a period of years, items such as those identified in the above paragraphs; and

16

r) drug traffickers frequently keep photographs, communications, videos, location information, records, and other data on their electronic devices, such as cell phones, relating to the above common practices of drug traffickers.

## TECHNICAL TERMS

26. Based on my training and experience, I use the following technical terms to convey the following meanings:

a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

17

b) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c) Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d) GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved

18

in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e) PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

19

f) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

27.    Based on my training, experience, and research, I know that Devices 1-20 have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and/or PDA. Based on my training, experience, and research, I know that Device 21—a DVR connected to exterior surveillance cameras—can store electronic video data and associated dates and times. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

20

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

28.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

29.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a)  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b)  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c)  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

21

    d)  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e)  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

30. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

31. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

32.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachments A-1 through A-21 to seek the items described in Attachment B.

Respectfully submitted,

Robert Buzzard
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me via telephone on October 28th , 2022.

Peter B. Silvain, Jr.
United States Magistrate Judge

23

**ATTACHMENT A-1**

The property to be searched is a silver Apple iPhone S, Model number A1687, IMEI: 355728078437271 (no SIM card) pictured below, hereinafter "Device 1." Device 1 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 1 for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-2

The property to be searched is a blue Apple iPhone with cracked back casing, IMEI: 354703754103316, pictured below, hereinafter "Device 2." Device 2 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 2 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-3</u>

The property to be searched is a black Verizon smart phone, model E6810, IMEI: 990006133305325, pictured below, hereinafter "Device 3." Device 3 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 3 for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-4**

The property to be searched is a black Kyocera flip phone, model E4610, IMEI: 990006164250929, pictured below, hereinafter "Device 4." Device 4 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 4 for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-5**

The property to be searched is a black Nokia flip phone, model N139DL, IMEI: 358712911152526 pictured below, hereinafter "Device 5." Device 5 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-6**

The property to be searched is a blue Apple iPhone with plain black case, IMEI:

353008110257348, pictured below, hereinafter t "Device 6." Device 6 is currently located at the

FBI, 7747 Clyo Road, Centerville, OH 45459

This warrant authorizes the forensic examination of Device 6 for the purpose of

identifying the electronically stored information described in Attachment B.



## ATTACHMENT A-7

The property to be searched is a black Apple iPhone with plain black case, IMEI: 353895101003735, pictured below, hereinafter "Device 7." Device 7 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 7 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-8**

The property to be searched is a blue Apple iPhone with blue case containing the words "never grow up," IMEI: 353003117245610, pictured below, hereinafter "Device 8." Device 8 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459

This warrant authorizes the forensic examination of Device 8 for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-9**

The property to be searched is a pink Apple iPhone with black case, model A1778, IMEI: 355322081563198, pictured below, hereinafter "Device 9." Device 9 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 9 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-10**

The property to be searched is a blue Apple iPhone with black case, IMEI: 350002267800649, pictured below, hereinafter "Device 10." Device 10 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 10 for the purpose of identifying the electronically stored information described in Attachment B.



## <u>ATTACHMENT A-11</u>

The property to be searched is a black Apple iPhone, IMEI: 356842118720452, pictured below, hereinafter "Device 11." Device 11 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 11 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-12**

The property to be searched is a light green Apple iPhone, IMEI: 353779333355099, pictured below, hereinafter "Device 12." Device 12 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 12 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-13**

The property to be searched is a dark gray Alcatel TracFone flip phone, model A406DL, IMEI: 016023000046379, pictured below, hereinafter "Device 13." Device 13 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 13 for the purpose of identifying the electronically stored information described in Attachment B.



## **ATTACHMENT A-14**

The property to be searched is a red Apple iPhone with pink and purple case pictured below, hereinafter "Device 14." Device 14 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 14 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-15**

The property to be searched is a black Apple iPhone with red case, IMEI: 356109095875497, pictured below, hereinafter "Device 15." Device 15 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 15 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-16**

The property to be searched is a gold Apple iPhone with blue and black case, IMEI: 354912090463801, pictured below, hereinafter "Device 16." Device 16 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 16 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-17**

The property to be searched is a dark gray Alcatel flip phone, model 4052C, IMEI: 015610000117944, pictured below, hereinafter "Device 17." Device 17 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 17 for the purpose of identifying the electronically stored information described in Attachment B.



**<u>ATTACHMENT A-18</u>**

The property to be searched is a dark gray/black Apple iPhone, IMEI: 356109090289645, pictured below, hereinafter "Device 18." Device 18 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 18 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-19**

The property to be searched is a blue Apple iPhone with green "QC" case, IMEI: 355211924786506, pictured below, hereinafter "Device 19." Device 19 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 19 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-20**

The property to be searched is a black Apple iPhone with black "Supreme" case, IMEI: 356717085626298, pictured below, hereinafter "Device 20." Device 20 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 20 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT A-21**

The property to be searched is a First Alert DVR, model DVRAD0405, serial number RI141000202, pictured below, hereinafter "Device 21." Device 2 is currently located at the FBI, 7747 Clyo Road, Centerville, OH 45459.

This warrant authorizes the forensic examination of Device 21 for the purpose of identifying the electronically stored information described in Attachment B.



**ATTACHMENT B**

1.      All records on the Devices described in Attachments A-1 through A-21 that relate to violations of Title 21 U.S.C. 841 and 846, and Title 18 U.S.C. 922(g)(1) and 924(c), and involve Harold Dillard, Jr., John Peters III, Michael Lee, Jr., Tyler Hamilton, and others known and unknown, since August 1, 2022, including:

    a.   any information related to the use, possession, receipt, transfer, transportation, and/or purchase of controlled substances;

    b.   lists of customers and related identifying information;

    c.   types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

    d.   any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    e.   any information recording Harold Dillard, Jr., John Peters III, Michael Lee, Jr., and/or Tyler Hamilton's schedule or travel from August 1, 2022, to the present;

    f.   all bank records, checks, credit card bills, account information, and other financial records;

    g.   videos, audio recordings, photographs, communications, and other electronically stored data pertaining to drug trafficking and firearms; and

    h.   any information related to the use, possession, receipt, transfer, and/or purchase of firearms, firearm accessories, and ammunition.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

2